Defendent moves for summary judgment. Allegations taken as true for summary judgment purposes show that plaintiffs operate retail bookstores and card shops, one of which is near the new Federal Home Loan Bank Building at 17th and G. Streets, N. W., Washington, D. C. Space therein was set aside for private commercial purposes. Plaintiffs undertook to lease some of it for another card *785 shop, but desisted on being advised that space would lease at $18-$20 per square foot, or 5-6 percent of gross sales, whichever was greater. Thereafter, the bank board leased space to competitor card shops at much more favorable rentals, generating destructive competition to plaintiffs’ nearby facility. Plaintiffs sued in the United States District Court, naming the bank board, GSA, and Crown Book Corporation, as defendants. It obtained a declaratory judgment that the leases to competitors were illegal, but the court (Judge Oberdorfer) denied injunctive relief, stating that plaintiffs had a plain and adequate remedy at law by suit against the United States under the Tort Claims Act or for a taking of property without just compensation. This suit, relying solely on the latter theory, followed.
The case is far outside the usual 28 U.S.C. § 1491 (Tucker Act) claim in this court for fifth amendment just compensation. It is manifestly a claim for consequential injury to business and not for a taking of property. The first prerequisite of a taking case, identifiable property taken, is absent here. Facilitation of economically destructive competition is not a taking. So far out of the ball park is this claim that defendant has not even, in its carefully researched brief, been able to cite dismissals of similar claims. Therefore, it may be instructive to quote I Nichols, Eminent Domain (2d ed. 1917) at 359:
Unless the contrary clearly appears in the franchise, it will not be held to be exclusive, and the legislature may constitutionally grant to other individuals the privilege of performing like acts to those authorized by the franchise in such close proximity thereto that the competition thereby created will impair or even utterly destroy the value of the first franchise without compensating its holders. [Footnotes omitted.]
See also at 366:
An established business or what is called "good will” has never been held to be by itself property in the constitutional sense. No doubt it may be an added element of value to a particular tract of land taken, but a business is less tangible in its nature and more uncertain in its vicissitudes than the rights which the constitution undertakes absolutely to protect, and although in some cases *786 the destruction of an established business works a much greater hardship than many injuries for which the constitution makes compensation necessary, the diminution of its value is considered a vaguer injury than the taking or appropriation with which the constitution deals. [Footnotes omitted.]
It may be noted that plaintiffs in their brief concede that the acts complained of were lawful, as they must, though they face somewhat of a dilemma inasmuch as the Oberdor-fer decision might be taken to establish by collateral estoppel that the acts were illegal. Acts of officials not authorized by law do not form the basis of a fifth amendment claim for money damages sis just compensation. Southern California Financial Corp. v. United States, 225 Ct.Cl. 104, 634 F.2d 521 (1980), cert. denied, 451 U.S. 937 (1981).
Accordingly, upon consideration of the pleadings, the motion, and the briefs, but without oral argument, the defendant’s motion for summary judgment is sustained and the petition is dismissed.